# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE PERALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:09-CV-138 |
| | ) |
| OFFICER BOWLIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff George Perales's request for leave to amend his complaint by adding claims and defendants. For the reasons set forth below, the Court **DENIES** the Plaintiff's request for leave to amend his complaint (DE 33).

BACKGROUND

George Perales is a state prisoner currently confined at the Miami Correctional Facility. His complaint deals with events that occurred while he was confined at the Elkhart County Jail. The defendants are Custody Officer C. Daniel, who Perales alleges used excessive and unnecessary force on him during a pat-search and Custody Officer Bowlin, who he alleges "fondled" him during a pat-down search. Perales seeks to add claims against Correctional Medical Services at the Elkhart County Jail and the Miami Correctional Facility and officials at the Miami Correctional Facility, who he alleges are denying him access to medical records. He asks "[t]hat these additional members of this Original Action should be

included in this action as to remove them from the third party protection that so willfully seek in their desire to obstruct the proper justice within the Original Action." (DE 33-1 at 2).

DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend the complaint should be "freely given when justice so requires," but 28 U.S.C. § 1915A requires the court to screen proposed amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F. Supp.2d 633 (N.D.Ind. 1998).

In *George v. Smith*, George joined 24 defendants, and approximately 50 distinct claims, in a single suit. 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit noted that the district court should have questioned this.

> The controlling principle appears in FED. R. CIV. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying

2

> not only to save money but also to dodge that
> rule. He hoped that if even 1 of his 50 claims
> were deemed non-frivolous, he would receive no
> "strikes" at all, as opposed to the 49 that
> would result from making 49 frivolous claims
> in a batch of 50 suits.
>
> * * *
>
> A buckshot complaint that would be rejected if
> filed by a free person--say, a suit complain-
> ing that A defrauded the plaintiff, B defamed
> him, C punched him, D failed to pay a debt,
> and E infringed his copyright, all in differ-
> ent transactions--should be rejected if filed
> by a prisoner. George did not make any effort
> to show that the 24 defendants he named had
> participated in the same transaction or series
> of transactions or that a question of fact is
> "common to all defendants".

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Perales's proposed amended complaint runs afoul of the *George* doctrine because he is attempting to improperly bring unrelated claims in a single case. The complaint before the Court raises claims against two Elkhart County Jail employees dealing with events that occurred while he was at the jail. The proposed amendments to the complaint deal with events that occurred at the Miami Correctional Facility and with individuals and entities other than the Defendants in the original complaint.

As instructed by *George*, this Court must reject the plaintiff's request for leave to amend his complaint to add these claims and Defendants. To the extent the claims Perales seeks to add to this case arise from some sort of discovery dispute with his current custodians, the Court will address it as a discovery

3

dispute, if properly raised, but will not allow the Correctional Medical Services and Miami Correctional Facility officials to be added to this cause of action as Defendants. Accordingly, the Court will deny the Plaintiff's motion for leave to amend his complaint. The plaintiff may, of course, file a new complaint against the Defendants he seeks to add by amendment to this case.

CONCLUSION

For the foregoing reasons, the Court **DENIES** the Plaintiff's request for leave to amend his complaint (DE 33). The Court **STRIKES** the Amendment to the Original Action (DE 33).

**DATED: October 21, 2009**      /S/RUDY LOZANO, Judge
                                 **United States District Court**